IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

DONALD RAY WELLS,

        Defendant.
_____

CR 85-154-RE
CV 05-1137-RE

OPINION AND ORDER

Frank Noonan
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Donald Ray Wells
SID# 3836012
Mule Creek State Prison
P.O. Box 409000 A-3-227
Ione, CA 95640-9000

    Defendant Pro Se

REDDEN, Judge:

    The matter before the court is defendant's petition under 28 U.S.C. § 2255 and the government's motion to dismiss the petition.

Defendant has filed multiple previous section 2255 motions. Section 2255 requires that before a second or successive 2255 motion is filed in district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to hear the matter. The court of appeals will not certify a second or successive 2255 petition unless it involves either newly discovered evidence that, if proven, would establish actual innocence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

In this case, defendant has not moved in the Ninth Circuit order authorizing the filing of the 2255 motion at issue here, nor has he identified newly discovered evidence establishing actual innocence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Therefore, this court has no authority to consider defendant's latest 2255 motion.

In addition' the petition must be dismissed because it does not comply with the one year period of limitations applicable to 2255 motions. Further, neither Blakely v. Washington, 124 S.Ct. 2531 (2004) or United States v. Booker, 125 S.Ct. 738 (2005) apply retroactively to defendant's petition. See, e.g., Schardt v. Payne, 414 F.3d 1025 9th Cir. 2005) (holding that the Supreme Court announced a new rule in Blakely v. Washington that does not apply retroactively to a conviction that was final before the decision was announced).

For the reasons discussed above, defendant's petition (doc. 1 in CV 05-1137-RE) is DENIED; the government's motion to dismiss (doc. 211 in CR 85-154-RE) is GRANTED; and all pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated this  3rd  day of January, 2006.

James A. Redden
United States District Judge

2 -   OPINION AND ORDER